UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

VERSUS

ROYAL FREIGHT, LP, AND MEGA
TRANSPORTATION SERVICES, LLC

CIVIL ACTION

NO. 11-CV-800

## RULING ON MOTION TO NAME BENNIE WILDER AS

## AN INDESPENSIBLE PARTY AND MOTION TO DISMISS

This matter comes before the Court on a motion by Defendants Royal Freight and Mega Transportation ("Defendants") to have Bennie Wilder ("Wilder") named as an indispensible party. As Wilder and the Plaintiff Fabre ("Plaintiff") are both Louisiana residents, such a finding would likely destroy the complete diversity required for this Court to have jurisdiction under 28 U.S.C. § 1332. Therefore, Defendants include a motion to dismiss under federal rule 12(B) for lack of subject matter jurisdiction. (Doc. 7). Plaintiff filed an opposition (doc. 10). Defendant did not file a reply. Oral argument is not necessary. After considering the briefs and the relevant statutory and case law, the Court finds Bennie Wilder is not an indispensible party. Therefore, Defendants' motions are denied.

This case arises out of a collision between two trucks on Interstate 10 in Gonzales, Louisiana on August 7, 2011. (Doc. 1). Plaintiff, a Louisiana resident, was parked in the outside, west-bound lane in a truck with a flashing arrow on its rear. This arrow was being used to divert traffic to the other lane due to road

construction. Wilder was driving a tractor-trailer travelling in the same lane. He failed to change lanes or stop in time and hit Plaintiff from behind. Plaintiff brought this suit against Defendants, Wilder's employers, alleging Wilder was in the course and scope of employment at the time of the accident. He did not sue Wilder, a Louisiana resident. (Doc. 1 at 6). Defendants are both organized and headquartered in Texas. Defendants brought this motion, seeking a declaration that Wilder is an essential party whose joinder is required under federal rule 19(B).

A party must be joined in a lawsuit if:

> That person claims an interest related to the subject of the accident and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interests.

Fed. Rule CCP 19(B). Essentially, Defendants argue that because Wilder is a key player in the accident, he must be joined. The case Defendants cite is from Indiana and involves the insured's UM carrier. *Woodring v. Culbertson*, 227 F.R.D. 290 (N.D. Indiana, 2005).[1] This case is inapposite. Whereas a UM insurer will ultimately be liable for damages in excess of the coverage limits, Wilder will benefit immensely from not being named a party: he will face no personal liability under the res judicata doctrine. As Wilder was in the course and scope of employment when the accident occurred, his entire liability will be borne

---

[1] While the Court is not a stickler for citation, it appreciates when the year of a cited case is included.

by Defendants under *respondeat superior,* therefore Plaintiff will not be harmed by his absence. Further, Defendants will not be at risk of incurring multiple or inconsistent obligations because they are ultimately responsible for Wilder. Finally, Wilder will be available through subpoena to testify at trial and may answer interrogatories as an agent of Defendants. The cases Plaintiff points to on this issue are persuasive and the Court follows them. The only thing unusual about his case is that it is the employer seeking to have the employee joined , which would defeat diversity. Ordinarily, of course, it is a plaintiff who seeks to join a joint tortfeasor in order to defeat diversity. Regardless the same rules of the cases apply. Accordingly, this motion is denied.

Plaintiff is a Louisiana resident. The Defendants are organized and headquartered in Texas. This satisfies the complete diversity requirement of 28 U.S.C. § 1332. As the amount in controversy is satisfied, the Court has subject matter jurisdiction under §1332. Thus, Defendants second motion is also denied.

## **CONCLUSION**

For these reasons, the Defendants' motion (doc 7) is DENIED. Signed in Baton Rouge, Louisiana, on March 2, 2012.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**