UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

VS.                                                    CIVIL ACTION:  3:11 cv00800 JJB DLD

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

FILED:  November 23, 2011

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S FIRST MOTION IN LIMINE**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Bobby Fabre, who

files this Memorandum in Support to *Plaintiff's Motion in Limine* as follows:

***Factual Background***

On August 7, 2011, Bobby Fabre was operating a company vehicle that was stopped in

the outside westbound travel lane of Interstate 10 with a flashing arrow sign on the vehicle's rear

to divert westbound traffic into the inside travel lane due to road construction ahead, when Bennie

Wilder (employee of Royal Freight, LP) failed to yield in time and/or move into the inner lane

resulting in Mr. Wilder's vehicle rear-ending Mr. Fabre's vehicle. Plaintiff filed suit against the

defendants, Royal Freight, LP and Mega Transportation Services, LLC, on November 23, 2011.

On September 21, 1999, Mr. Fabre was arrested for reckless operation of a moving

vehicle. He plead guilty on December 7, 2000 and paid a $117.00 fine. Mr. Fabre was charged

-1-

with misdemeanor theft by shoplifting on September 6, 2000. He plead guilty and received thirty days in jail with a suspended sentence and paid court costs. On or about April 11, 2009, Mr. Fabre was arrested and booked in Orleans Parish Prison for disturbing the peace.

In September 2004 a protective order was filed against Mr. Fabre for alleged physical abuse. However, the protective order was never adjudicated and was dismissed by the plaintiff in October 2004. On August 25, 2009 a Judgment in the amount of $1,350.00 was filed against Mr. Fabre in the State of Mississippi for failure to pay child support. In January 2009, the Louisiana Department of Social Services filed a petition for non-support against Mr. Fabre for failure to pay child support. In October 2010, a warrant was issued for Mr. Fabre's arrest for his failure to pay child support but the warrant was recalled in December 2010. The Louisiana Department of Social Services has filed a petition against Mr. Fabre for failure to pay child support. Mr. Fabre has court date on May 23, 2012 to have his child support reduced.

Mr. Fabre has also had multiple traffic violations dating from 2001 to 2009. He plead guilty and paid the fine for each of these violations.

*Law and Argument*

**I. Plaintiff's Convictions of Over 10 Years are Inadmissible Under Federal Rule of Evidence 609(b).**

This Honorable Court should deny any attempt by defendants to introduce evidence regarding plaintiff's convictions for reckless operation of a motor vehicle and misdemeanor theft

-2-

of shoplifting because said convictions are over 10 years old and because such evidence is irrelevant to his current cause and is overly prejudicial.

Federal Rule of Evidence 609(b) states that if more than ten years have passed since the witness' conviction, evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

In *McIntyre v. Bud's Boat Rental,* 2003 WL 22174236 (E.D. La. 2003), the plaintiff alleged that he was injured while working as a deck hand aboard a vessel owned by Bud's Boat Rental. The defendant moved to admit evidence of plaintiff's prior criminal convictions for burglary and shoplifting which were more than ten years old at the time of trial. The *McIntyre* court explained that:

> The Fifth Circuit has read Rule 609(b) to mean that 'the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect.' United States v. Hamilton, 48 F.3d 149, 154 (5th Cir. 1995). For convictions older than 10 years, the general rule is inadmissibility. See id. (citing *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)). Convictions should be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.' *Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434 (2d Cir. 1993)* (quoting congressional report). Bud's Boat Rental advances no specific facts and circumstances surrounding these convictions that indicate that their probative value substantially outweighs their prejudicial effect. The Court finds no reason to deviate from the general rule regarding inadmissibility of evidence of convictions greater than 10 years old. The Court therefore denies defendant's motion to admit evidence of McIntyre's simple burglary and shoplifting convictions.[1]

---

[1]*Also see United States v. Cathey*, 591 F.2d 268 (5th Cir. 1979) and *Mills v. Estelle,* 552 F.2d 119 (5th Cir. 1977) (609(b) establishes a presumption against the use of more than 10 year old convictions).

-3-

Fabre's case is similar to that of *McIntyre*. This is a personal injury case in which his past convictions have no relevance or bearing on the matter. Admission of Fabre's past convictions would be overly prejudicial if heard by the jury and are not relevant to material issues of his personal injury case.

**II. Plaintiff's Arrest with No Conviction is Inadmissible Under Federal Rule of Evidence 609(a).**

This Honorable Court should deny defendants' attempts to introduce any evidence or ask Bobby Fabre any questions regarding his prior arrest for disturbing the peace where he was never convicted. Such evidence is inadmissible under Federal Rule of Evidence 609(a). Furthermore, such evidence is irrelevant to the cause of action for personal injury and is overly prejudicial.

Federal Rule of Evidence 609(a) provides that a witness' character for truthfulness may be attacked by evidence of a criminal conviction. The Fifth Circuit has held on several occasions that a prior arrest may not be used to impeach the credibility of a witness. *United States v. Hodnett*, 537 F.2d 828 (5th Cir. 1976). Furthermore, inquiry into the mere existence of an arrest or indictment is not admissible to impeach the defendant's credibility under Fed. R. Evid. 608(b). *United States v. Abadie*, 879 F.2d 1260 (5th Cir. 1989)

In *Jenkins v. General Motors Corporation*, 446 F.2d 377 (5th Cir. 1971), the court held that "it is improper for impeachment purposes to show the accusation, arrest or indictment for a crime to use against a witness in a civil or criminal case. The well settled rule in Federal courts has also been to required that a conviction be had in order to undermine the trustworthiness of a

-4-

witness."

Thus, any arrest that Mr. Fabre had prior to the subject accident should not be brought up at trial orally or through the introduction of documentary evidence.

### III. Plaintiff's Child Support Issues, Traffic Violations and the Protective Order Filed Against Him Are Inadmissible Under Federal Rule of Evidence 402.

This Honorable Court should deny any attempts by the defense to introduce evidence of plaintiff's child support issues which include: failure to pay child support resulting in a judgment issued against plaintiff, a warrant issued for his arrest for failure to pay child support, and a pending case against him for failure to pay child support.. Furthermore, the fact that plaintiff once had a protective order filed against him should be excluded. The court should also exclude any evidence and/or testimony regarding plaintiff's traffic violations. This evidence should be excluded because it is irrelevant an overly prejudicial.

Federal Rule of Evidence 401 provides that evidence is relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Federal Rule of Evidence 402 provides that irrelevant evidence is inadmissible.

Plaintiff respectfully submits any evidence and/or testimony of plaintiff's child support issues and the fact that a protective order was filed against him is irrelevant and should be excluded. This is a personal injury action. Plaintiff's failure to pay child support and the protective order do not tend to make any fact and issue more or less probable. Furthermore, this evidence is

-5-

not of any consequence to determining his personal injury claim.

Plaintiff also requests that any evidence and/or testimony regarding his traffic violations be excluded because such evidence is also irrelevant. At the time of the accident, Mr. Fabre's vehicle was stopped in the outside westbound travel of Interstate 10 with a flashing arrow sign on the vehicle's rear to divert westbound traffic into the inside travel lane due to road construction ahead. Since Mr. Fabre was not operating a vehicle at the time of the accident, his past traffic violations are irrelevant to the issue at hand.

Should the court consider plaintiff's child support issues, the protective order, and his traffic violations to be relevant, then plaintiff respectfully urges this Court to exclude such evidence and/or testimony nonetheless because its probative value is substantially outweighed by the danger of unfair prejudice.

Federal Rule of Evidence 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Plaintiff believes that the only reason defendants would have for introducing this evidence is to malign his character. As can be seen by the wording of Federal Rule of Evidence 403, such abuse is avoided, by looking at the prejudicial effect outweighing the probative value. Therefore, plaintiff requests that any evidence of his child support issues, a protective order being filed

-6-

against him, and traffic violations be excluded from trial on this matter.

*Conclusion*

WHEREFORE, considering the foregoing, this Honorable Court should deny any attempts by the defense to introduce evidence of Fabre's (1) convictions over 10 years old, (2) arrests, (3) child support issues, (4) protective order filed against him, and (5) traffic violations. The referenced evidence is irrelevant and/or highly prejudicial in effect. Furthermore, the Federal Rules of Evidence and federal case law characterizes the referenced evidence as inadmissible.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/ Michael Hingle
Michael Hingle, T.A. #6943
220 Gause Blvd.
Slidell, LA 70458
Telephone: (985) 641-6800
Facsimile: (985) 646-1471

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31st day of May, 2012  served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM /ECF participant as may be appropriate.

/s/ MICHAEL HINGLE
220 Gause Blvd.
Slidell, LA 70458

G:\Files\Fabre, Bobby\Plaintiff Pleadings\pld memo motion in limine 5.18.12 AH.wpd