UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

VERSUS

ROYAL FREIGHT, LP, ET AL.

CIVIL ACTION

NO. 11-800-JJB

## RULING ON MOTION IN LIMINE

Before the Court is a motion in limine (Doc. 27) brought by plaintiff Bobby Fabre to preclude use of certain evidence against him at trial. Defendants Mega Transportation Services, LLC, and Royal Freight, LP, have filed an opposition (Doc. 29), and Fabre filed a reply (Doc. 30). Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. § 1332.

Plaintiff Bobby Fabre brings this action for negligence attributable to the defendants individually and under *respondeat superior* because a driver in their employ, Bernie Wilder, allegedly did not yield in time and/or move into the inner-lane, which resulted in a traffic accident. Fabre, who has worked as a painter and roofer, was operating a company vehicle (it is unclear what company Fabre worked for or whether he worked for himself) when defendant Bernie Wilder, who worked as a driver for defendant Royal Freight, LP, rear-ended Fabre's vehicle. Fabre, in this motion in limine, has asked to exclude evidence about his failure to pay child support.[1]

In response, defendants appear to assert that plaintiff's failure to pay child support should reduce his award because his personal consumption needed to live is less than his total wages

---

[1] In response to plaintiff's motion in limine regarding prior convictions, the defendant concedes that plaintiff's arrest for reckless driving in 1999, his shoplifting conviction in 2000, and his arrest for disturbing the peace in 2009 are inadmissible. The Court agrees.
Fabre also requests that any traffic violations he had in the last ten years should be excluded because his vehicle was parked and not moving at the time of the accident. Defendant has requested more time to examine the plaintiff's driving records. This issue is one that should be examined at a later time, when the full details of the plaintiff's traffic citations and the factual circumstances surrounding the accident are proven or admitted.

1

and thus shows bad character or untruthfulness through his failure to pay child support. The question before this Court is whether records of Fabre's failure to pay child support can be included at trial.

Federal Rule of Evidence 403 states, "the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The prejudicial value of plaintiff's alleged failure to pay child support greatly exceeds its probative value at the moment because it does not appear to factor into damage calculations for lost wages in and of itself. For example, failure to pay child support could arise from a person's inability to earn enough income to provide for a child in addition to the earner. It could also arise from the obligor's greed, or disregard for the child, or spite for the child's domiciliary parent, or from pure laziness, or a myriad of other reasons that could enter into the mind of man, consciously or otherwise. Whatever probative value the fact that failure to pay the outstanding child support obligation may have on a jury in this case would be substantially outweighed by the danger of unfair prejudice that a jury may impose upon a deadbeat dad. And that prejudice would be undue, rather than fairly deserved, not because it would reduce the deadbeat dad's recovery, but because it would reduce the corpus of funds from which the child support obligation could be satisfied. Thus, in effect, it would be the obligee child who suffers at least as much as, if not more than, the obligor parent.

Of course, plaintiff's past wages and earning capacity have been put at issue, and if plaintiff testifies, his testimony will subject him to impeachment by the defense. Unfortunately, defendants simply filed 176 pages into the record and expect the Court to sift through the state court's child support proceedings to locate particular portions of those records to support

defendants' position, an invitation the Court is not inclined to indulge.  *Cf.* Fed. Rules Civ. P. 56(c)(1)(A); 56(c)(3); 56(e).  It is defendants' responsibility to factually support their position, and resort to the old standby line—"It's in the record, judge!"—simply does not suffice.  Despite their lackadaisical attempt to justify admitting the entirety of the child support proceedings (including, not coincidentally, the fact that Fabre has failed to meet his obligations), the Court has located at least one relevant document from that morass: a child support obligation worksheet from late 2005 detailing his monthly income from construction work as $2,231.83, based on the labor wage survey book for roofers.  (*See* Doc. 29 at 154).  While that document is not particularly weighty, given its age and the imprecise calculation method used, it at least appears admissible as having a tendency to show Fabre's wages at that point in time.

Otherwise, though, defendants' arguments that the child support records, and in particular Fabre's failure to pay those obligations, are universally admissible to prove the amount of his lost wages and that Fabre's "quantum of personal consumption … shows how much of his money was *not* going into payment of his outstanding obligations," (Memo. in Opp., Doc. 29 at 4 (emphasis in original)), amounts to nothing more than an attempt to foist defendants' burden of proving admissibility onto this Court.  Defendants, as proponents of the evidence, bear the burden of proving its admissibility.  *See, e.g., Dowling v. United States*, 493 U.S. 342, 351, n.3 (1990).  Defendants have failed to meet that burden by neglecting to cite any particular portion of the lengthy exhibit which lends factual support to their argument.

Accordingly, plaintiff Bobby Fabre's motion in limine (Doc. 27) is GRANTED in part, DEFERRED in part, and DENIED in part.

Signed in Baton Rouge, Louisiana, on August 6, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**