UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

VS.                                                     CIVIL ACTION:  3:11 cv00800 JJB DLD

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

FILED: _____          _____
                                                        DEPUTY CLERK


**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION IN LIMINE**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Bobby Fabre, who

files this Memorandum in Support to *Plaintiff's Motion in Limine* as follows:

***Factual Background***

On August 7, 2011, Bobby Fabre was operating a company vehicle that was stopped in

the outside westbound travel lane of Interstate 10 with a flashing arrow sign on the vehicle's rear

to divert westbound traffic into the inside travel lane due to road construction ahead, when

Bennie Wilder (employee of Royal Freight, LP) failed to yield in time and/or move into the inner

lane resulting in Mr. Wilder's vehicle rear-ending Mr. Fabre's vehicle. Plaintiff filed suit against

the defendants, Royal Freight, LP and Mega Transportation Services, LLC, on November 23,

2011.

On January 25, 2013, at the request of the defendants, Dr. Meredith Warner, an

orthopedic surgeon, performed a second independent medical evaluation on Bobby Fabre.

Plaintiffs agreed to this evaluation under condition that such evaluation would be limited as the

counsel for the defense had previously signed an agreement that Bobby Fabre would submit to an IME by their neurosurgeon, Dr. Kelly Scrantz, on the condition that they would not ask for a second IME with an orthopedic surgeon. (Exhibit "A"). The specifically delineated purpose of the evaluation by Dr. Warner was to evaluate Mr. Fabre's double crush syndrome and recommended double carpal tunnel syndrome release surgery.

Dr. Warner received her M.D. from Jefferson Medical College in 1999, specializing in orthopedic surgery. (Exhibit "B"). She was previously employed by the Bone and Joint Clinic of Baton Rouge, and now works for the Center for Innovations in Evaluative Medicine Office.

In a letter to defendants dated January 23, 2013, plaintiff questioned the purpose of Dr. Warner's evaluation as Bobby Fabre had already been evaluated by Dr. Scrantz at the request of the defendants. Specifically, counsel for the plaintiffs stated "will the evaluation be whole body or just a particular part of the body?" and to "please tell [us] what you are going to ask Dr. Warner to evaluate so [we] can advise whether or not we can accommodate you." (Exhibit "C"). Counsel for the defendants responded in a letter dated January 24, 2013 that they "have asked Dr. Warner to evaluate Mr. Fabre's double crush syndrome and recommended double carpal tunnel syndrome release surgery." (Exhibit "D"). Counsel for the plaintiff subsequently responded confirming that Dr. Warner would be evaluating Mr. Fabre's double crush syndrome and only that part of his body and asked counsel for the defendants to advise them if this was incorrect. (Exhibit "E"). No corrections were provided by defendants. Thus, plaintiff submitted to the evaluation because Dr. Warner's evaluation would be limited to an evaluation of his double crush syndrome and recommended double carpal tunnel syndrome release surgery.

Dr. Warner submitted a 21 page report. (Exhibit "F"). Over half of this 21 page report

was simply a cumulative summary of the reports of all other doctors previously seen by Bobby

Fabre.  Only the last two pages of Dr. Warner's report discussed the issue of carpal tunnel

sydrome for which she was employed to evaluate exclusively.  Much of the remainder of the

report was an analysis of  Bobby Fabre's psychological and mental state and his financial,

familial, and work situation.

*Law and Argument*

Federal Rules of Evidence Rule 702 governs the admissibility of expert testimony, and

states:

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, tenchical, or other specialized knowledge will help
> the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c)the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of
> the case.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (U.S. 1993) supplements

F.R.C.P. Rule 702, providing a two prong test for the court to utilize in determining the

admissibility of expert testimony. First, the expert testimony must be reliable, in that the expert

must have derived his conclusions from the scientific method. Second, the testimony must be

relevant, meaning, "the proposed testimony will assist the trier of fact to understand or determine

a fact in issue." *Daubert* at 591.

**I. Dr. Warner is Not Qualified to Offer Testimony as to the Psychological and Mental State or the Familial, Financial and Work Situation of Bobby Fabre.**

In order to satisfy the reliability standard, the "expert's proposed testimony depends on

the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony." *U.S. v. Wright,* 2008 LEXIS 15668, 11 (M.D. La. Feb. 29, 2008). Defendants carry the burden of proving, by a preponderance of the evidence that Warner is qualified to testify as to Fabre's psychological and mental state, his financial and work situation. Dr. Warner is an orthopedic surgeon. The only specialty listed by the Louisiana Board of Medical Examiners with regard to Dr. Warner is orthopedic surgery. Dr. Warner is not qualified to give her opinion outside of this specialty, particular with regard to Bobby Fabre's psychological and mental state or his financial, familial, and work situation. Yet, much of Dr. Warner's report focuses precisely on these issues that are outside of her expertise. In fact, only two of the 21 pages of Dr. Warner's report discusses the issue of carpal tunnel syndrome for which she was employed to evaluate exclusively.

## II. Documentary Evidence and Testimony Proffered by Dr. Warner Unrelated to Bobby Fabre's Carpal Tunnel Syndrome Should be Excluded Under Federal Rule of Evidence 403 as it is Needlessly Cumulative

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." When evaluating whether to exclude evidence pursuant to Rule 403, a court may consider whether the probative value of the testimony is substantially outweighed by "the needless presentation of cumulative evidence." *United States v. Colomb*, 419 F.3d 292, 303 (5th Cir. 2005). A trial court may exclude testimony where there will be repetitions of evidence already introduced. *Henson v. Odyssea Vessels, Inc.*, 2008 U.S. Dist. LEXIS 12026 (E.D. La. Feb. 15, 2008); See also *Consolidated Grain & Barge Co. v. Marcona*

*Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir. 1983); *United States v. Haynes*, 554 F.2d 231, 233 (5th Cir. 1977). The Ninth Circuit defined cumulative evidence as that which "replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979). In *Henson,* the Court granted the Plaintiff's Motion to Exclude the Testimony of Dr. Goodman on the grounds that his testimony would be cumulative and would only serve to prolong trial. *Henson* at 4. The Court reasoned that Dr. Goodman would provide substantially the same expert opinions as a Dr. Douglas C. Brown, and that both doctors would essentially testify as to the spinal, back, and leg injuries of the Plaintiff. *Id.*

Dr. Warner's report should be limited to the evaluation of Mr. Fabre's double crush syndrome and recommended double carpal tunnel syndrome release surgery. Not only did the parties agree that her evaluation would be limited to such, but also the majority of the remainder of her report focuses on issues already examined and discussed by other doctors, including Dr. Kelly Scrantz, the first IME doctor. Dr. Warner is the second IME doctor to examine Bobby Fabre. Dr. Scrantz of the NeuroMedical Center Clinic performed the first IME examation on May 2012. (Exhibit "G"). As evidenced by Dr. Scrantz's report, he performed a thorough neurological examination, which included an evaluation of his work, driving, psychological, social, and medical history as well as looked at his current activity level, medications, and present status.

Dr. Joe Morgan of the Bone and Joint Clinic also performed an IME examination on September 10, 2011. (Exhibit "H"). As evidenced by Dr. Morgan's report, he performed a thorough full body examination on Bobby Fabre, which included an evaluation of his work, driving, and medical history as well as looked at his current activity level, medications, and

present status.  As discussed, Dr. Warner's examination was to be limited and should be limited

to Mr. Fabre's double crush syndrome and recommended double carpal tunnel syndrome release

surgery.  Furthermore, pages 2-11 of Dr. Warner's 21 page report is a mere summary of prior

doctors' reports regarding their evaluations of Bobby Fabre, including a psychological evaluation

by Dr. Traylor.  A second report, which includes a full body and psychological analysis is

cumulative and an unnecessary waste of time that serves no purpose but to confuse the jury.

**III.  Documentary Evidence and Testimony Offered by Dr. Warner Unrelated to Bobby Fabre's Carpal Tunnel Syndrome is Inadmissible Under Federal Rule of Evidence 402 or, in the Alternative, Should be Excluded Under Federal Rule of Evidence 403 as Prejudicial and Likely to Confuse the Jury.**

This Honorable Court should deny any attempts by the defense to introduce evidence of

Bobby Fabre's psychological and mental state or his financial, familial, and work situation. This

evidence should be excluded because it is irrelevant and overly prejudicial.

Federal Rule of Evidence 401 provides that evidence is relevant if: (1) it has any tendency

to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action.  Federal Rule of Evidence 402 provides that irrelevant

evidence is inadmissible.

Federal Rule of Evidence 403 provides that "the court may exclude relevant evidence if

its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence."

Dr. Warner, in her report, discusses topics beyond her expertise, such as the

psychological history and state of Bobby Fabre as well as his familial and financial situation.

Furthermore, qualified experts, such as Dr. Traylor and Dr. Fentress, a rehabilitation counselor who provided a vocational rehabilitation evaluation have already offered reports that are more reliable given their expertise. Dr Warner's opinions, outside of her opinion on Mr. Fabre's double crush syndrome and recommended double carpal tunnel syndrome release surgery, would only serve to confuse and unfairly prejudice the jury.

Plaintiff believes that the only reason defendants would have for introducing this evidence is to malign his character by calling into question his psychological, social, and financial stability. As can be seen by the wording of Federal Rule of Evidence 403, such abuse is avoided, by looking at the prejudicial effect outweighing the probative value.

## *Conclusion*

WHEREFORE, considering the foregoing, this Honorable Court should deny any attempts by the defense to introduce the expert testimony of Dr. Warner that does not pertain to Bobby Fabre's double crush syndrome and recommended double carpal tunnel syndrome release surgery, including any testimony that is cumulative with the testimony of Dr. Kelly Scrantz and Dr. Morgan and any evidence of Bobby Fabre's psychological and mental state or his financial, familial, and work situation. The referenced evidence is irrelevant and/or highly prejudicial in effect as well as cumulative. Furthermore, the Federal Rules of Evidence and federal case law characterizes the referenced evidence as inadmissible.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/ Michael Hingle
Michael Hingle, T.A. #6943
220 Gause Blvd.
Slidell, LA 70458
Telephone: (985) 641-6800
Facsimile: (985) 646-1471

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of March, 2013  served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM /ECF participant as may be appropriate.

/s/ MICHAEL HINGLE
220 Gause Blvd.
Slidell, LA 70458