UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

CIVIL ACTION

VERSUS

NO. 11-800-JJB

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

### RULING ON DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

This matter is before the Court on a motion to exclude expert testimony filed by Defendants Royal Freight, L.P. and Mega Transportation Services, L.L.C. (collectively referred to as "Defendants"). (Doc. 68). Plaintiff Bobby Fabre ("Fabre") has filed an opposition (Doc. 72), to which Defendants have filed a reply. (Doc. 77). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons herein, the Court GRANTS Defendants' motion to exclude. (Doc. 68).

I.

Fabre filed this action for personal injuries sustained when Defendants' employee, Bennie Wilder[1], while acting in the scope of his employment, rear-ended Fabre on Interstate 10 on or about August 7, 2011. (Doc. 1). The facts are undisputed and Defendants have stipulated to liability in this matter. (Doc. 49). Defendants seek to exclude the testimony of a biomechanical engineer, Dr. Marius Ziejewski, on the grounds that Dr. Ziejewski's testimony is irrelevant to the remaining issues to be tried in this case, causation and damages. (Doc. 68).

In a previous ruling, this Court excluded the expert testimony of an accident reconstruction expert, finding that because the Defendants have conceded that Fabre sustained injuries because of this accident, testimony relating to the severity of the impact by an accident

---

[1] Wilder is not a party to this action.

1

reconstruction expert was irrelevant. (Doc. 63). Defendants assert that Dr. Ziejewski's testimony addresses the same type of evidence that this Court has already excluded as irrelevant because Dr. Ziejewski plans to testify about whether or not the force of the impact was sufficient to cause Fabre's injuries. (Doc. 68).

In opposition, Fabre argues that Defendants have not stipulated to causation between the August 7, 2011 accident and Fabre's injuries. (Doc. 72). Fabre is concerned that Defendants will argue that while they were liable for the accident, Fabre was not injured. Fabre asserts that Dr. Ziejewski's testimony will address the causal relationship between the accident and the injury and aid the jury in determining that Fabre's injuries were caused by the accident.

In reply, Defendants object to Fabre's arguments concerning causation because Defendants "concede that plaintiff sustained *some injury* in the accident at issue." (Doc. 77 at 1). The issues of damages and causation relate to the "*full nature and extent* of Fabre's alleged injuries." (*Id.*). Defendants point out that other experts who treated and evaluated Fabre after the accident will be able to testify to the extent of his injuries. Moreover, Defendants assert that Fabre is permitted to argue that the accident was "high-impact," and that the jury can understand this argument without the help of an expert.

II.

Admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, the trial court functions as a gatekeeper and must determine whether "an expert's testimony both rests on a reliable foundation and is relevant[.]" *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

Here, the Court finds that, as it did in its prior ruling, that Dr. Ziejewski's testimony "is not needed to assist the jury's understanding of a simple fact: serious injury can result from an accident involving severe impact." (Doc. 63 at 7). Additionally, as this Court explained, "to the extent that jurors need help understanding this fact, the parties are free to call on *medical* experts." (*Id.*). A reasonable trier-of-fact can call upon common sense principles to conclude that an 18-wheeler that rear-ends a vehicle can cause serious injury.

### III.

Accordingly, Defendants' Motion to Exclude the Expert Testimony of Dr. Marius Ziejewiski is GRANTED. (Doc. 68).

Signed in Baton Rouge, Louisiana on April 10, 2013.

                                                             _____
                                                             **JAMES J. BRADY, DISTRICT JUDGE**
                                                             **MIDDLE DISTRICT OF LOUISIANA**

3

Case 3:11-cv-00800-JJB-RLB    Document 78    04/12/13    Page 3 of 3