UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY FABRE | CIVIL ACTION |
| VS. | 3:11 CV 00800 JJB RLB |
| ROYAL FREIGHT, LP AND MEGA TRANSPORTATION SERVICES, LLC | JUDGE: JAMES J. BRADY |
| | MAG: DOCIA L. DALBY |

*************************************************************************************

**SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION IN LIMINE TO
EXCLUDE EVIDENCE AND/OR TESTIMONY**

Plaintiff Bobby Fabre ("Fabre"), has filed a Motion in Limine to exclude evidence and/or testimony of Dr. Meredith Warner ("Dr. Warner"), who conducted an independent medical examination of Fabre. The Motion is set for hearing on May 13, 2013.

Dr. Warner was retained by defendants to evaluate whether Fabre sustained carpal tunnel and double crush syndrome injuries as a result of the accident. Fabre has filed contemporaneously with this Supplemental Memorandum a Stipulation that he will not assert a claim or produce evidence at trial that due to the accident he sustained either a carpal tunnel injury or a double crush syndrome injury. Accordingly, the Motion in Limine should be granted, and an order should be issued excluding Dr. Warner as a medical expert witness in this case.

Defendants had Fabre evaluated in two previous independent medical examination. He was evaluated by Dr. Joe Morgan, orthopedic surgeon, whose IME report is attached as Exhibit "A". He was also evaluated by Dr. Kelly Scrantz, neurosurgeon. His IME report

1

is attached as an exhibit to plaintiff's previously filed Memorandum in Support of the Motion in Limine. Both Dr. Morgan and Dr. Scrantz have been deposed.

On January 24, 2013, counsel for defendants Marvin Olinde sent plaintiff's counsel Michael Hingle a letter stating that "we have asked Dr. Warner to evaluate Mr. Fabre's double crush syndrome and recommended double carpal tunnel release surgery" (Exhibit "B"). Following receipt of this letter, Michael Hingle sent a letter back to Marvin Olinde stating:

> "As I understand, Dr. Warner will be evaluating the double crush syndrome and carpal tunnel surgery. Correct me if I am wrong; there will be no head, back, shoulders, knees, or spinal cord exam or evaluation by Dr. Warner." (Exhibit "C").

Marvin Olinde agreed that Dr. Warner's evaluation would be limited to the issue of whether Fabre had sustained a double crush syndrome and/or carpal tunnel syndrome resulting in recommended surgery. She had also previously agreed that because she had had Fabre evaluated by orthopedist Dr. Joe Morgan that she would not ask for a second IME by an orthopedic surgeon after she had requested that Fabre be evaluated by neurosurgeon Dr. Kelly Scrantz (see Michael Hingle letter to Marvin Olinde and her signature agreeing that she would not request a second orthopedic IME). (Exhibit "D").

The reason that plaintiff's counsel agreed to another orthopedic surgeon IME was because a medical issue developed after he had been seen by Dr. Joe Morgan and Dr. Kelly Scrantz regarding whether he had sustained as a result of the accident carpal tunnel and/or double crush syndrome injuries. That is the reason why the IME examination was, agreed to by defense counsel, limited to Dr. Warner's evaluation of whether those medical

2

injury conditions existed as a result of the accident.

Contrary to the agreed limitation of the IME examination, Dr. Warner issued a 21 page report which is attached as an exhibit in Fabre's previously filed memorandum in support of the Motion in Limine that went way beyond the evaluation of the carpal tunnel/double crush syndrome issue. In her report Dr. Warner stated that she conducted a complete medical evaluation and rendered opinions relating to, in addition to the carpal tunnel/double crush syndrome injury issue, Fabre's cervical and lumbar injury issues, psychological damage issues, whether Fabre was disabled as a result of these issues, etc.

In her Memorandum in Opposition to the Motion in Limine, defense counsel Marvin Olinde admitted that Dr. Warner's IME examination was limited to the issue of whether Fabre had sustained carpal tunnel and double crush syndrome injuries. She stated on page 7 of the opposition memorandum that "Dr. Warner is a Board Certified orthopedic surgeon, and she is qualified to determine the facts, medical history, and social circumstances needed to fully evaluate Fabre's double crush syndrome and carpal tunnel release surgery." (Emphasis added) (Exhibit "E").

The fact that Fabre has filed a stipulation that he is not going to assert a claim at trial that he sustained a carpal tunnel injury or a double crush syndrome injury means that these issues are not a part of the case, and the Motion in Limine should be granted excluding Dr. Warner as a medical expert witness in the case. Defendants have had Fabre evaluated by a Board Certified orthopedic surgeon, Dr. Joe Morgan, and a Board Certified neurosurgeon, Dr. Kelly Scrantz, and defendants should not be allowed to call a second orthopedic

surgeon to testify particularly in view of the agreement by defense counsel that Dr. Warner would only evaluate two medical issues which by stipulation are not medical issues in the case.

>Respectfully submitted,
>
>MICHAEL HINGLE & ASSOCIATES, LLC
>
>  /s/ Michael Hingle
>MICHAEL HINGLE, #6943
>220 Gause Boulevard
>Slidell, Louisiana 70458
>Telephone: (985) 641-6800
>Fax: (985) 646-1471
>
>/s/ Robert M. Johnston
>ROBERT M. JOHNSTON, #7339
>Law Office of Robert Johnston
>400 Poydras Street, Suite 2450
>New Orleans, LA 70130
>Telephone: (504) 561-7799
>Fax: (504) 587-3794

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this  3rd  day of May, 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM/ECF participant as may be appropriate.