UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

                                                                CIVIL ACTION

VERSUS

                                                                NO. 11-800-JJB

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

## RULING ON DEFENDANTS' MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL

This matter is before the Court a motion for certification of this Court's

Ruling (Doc. 83) for interlocutory appeal by Defendants Royal Freight, L.P. and

Mega Transportation Services, L.L.C. (collectively referred to as "Defendants").

(Doc. 89). Plaintiff Bobby Fabre ("Fabre") has filed an opposition (Doc. 96). Oral

argument is not necessary. For the reasons herein, the Court DENIES

Defendants' Motion. (Doc. 89).

I.

On April 29th, 2013, this Court granted Fabre's motion in limine to exclude

testimony and/or evidence that Fabre applied for or received workers'

compensation pursuant to the collateral source rule. (Doc. 83). This Court found

that "while there are exceptions to the collateral source rule and the Defendants'

intended use of this evidence may fall within the exception, the prejudicial value

of this evidence outweighs its limited probative value." (*Id.* at 3). Defendants now

seek to have this Court certify its ruling for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants argue that the controlling issue of law here is whether evidence concerning a plaintiff's workers' compensation claim is unduly prejudicial under the collateral source doctrine when the intended purpose for introduction of such evidence falls within the ambit of the exceptions to the collateral source rule. Defendants assert that this evidence "goes to the heart of plaintiff's credibility" and that they will be "highly prejudices by exclusion of this evidence." (Doc. 89 at 3).

Defendants further assert that there is substantial ground for difference of opinion because other courts have found that evidence of workers' compensation may be introduced for certain purposes, such as "evidence of a lack of motivation to return to work." *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2006 WL 897223, at * 2 (E.D. La. 2006) (citation omitted). Finally, Defendants argue that an appeal will materially advance the termination of litigation because this issue goes to plaintiff's credibility, injuries, and work status.

However, as this Court has explained, the Fifth Circuit has instructed that evidence of receipt of compensation "may be admissible for the limited purposes

of proving another matter" if "there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given[.]" *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986). However, the Court finds that the prejudicial value of this evidence outweighs its limited probative value, and the Defendants will have the opportunity to put on other evidence that goes to Fabre's credibility, including evidence of conflicting medical opinions.

II.

Accordingly, the Defendants' Motion is DENIED. (Doc. 89)

Signed in Baton Rouge, Louisiana on June 17th, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**
