UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE                                             CIVIL ACTION:  3:11-cv-00800 JJB DLD

VS.

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

FILED: January 21, 2014
**************************************************************************

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**</u>

      **NOW INTO COURT,** through undersigned counsel, comes Plaintiff, BOBBY FABRE, who moves this Honorable Court for an order in limine precluding the defendants from making mention or offering any evidence regarding the following:

This case is presently scheduled for trial by jury on March 31, 2014. It is anticipated that the defendants will attempt to discredit Dr. David Wyatt with questions concerning his history of substance abuse and a three month period of time he attended rehabilitation for alcohol abuse. This issue was briefly addressed in Dr. Wyatt's September 19, 2012 deposition and is one of the subjects addressed in Dr. Wyatt's Motion to Quash and/or For Protective Order (filed July 30, 2012) and Dr. David J. Wyatt's Reply Memorandum in Support of Motion to Quash and/or for Protective Order (filed September 4, 2012). To date Dr. Wyatt's Motion to Quash and/or For Protective Order is currently pending before this Honorable Court.

A Louisiana State Court, the 19th Judicial District Court for the Parish of East Baton Rouge, in *Robert B. Toups and Lena Toups v. Limberly Hill and State Farm Automobile Ins. Co.*, No. 583,466, heard testimony from Dr. Wyatt regarding this issue. Despite the alleged perjerous testimony of Dr. Wyatt in response to the defendant's questions, that court nevertheless entered a ruling in favor of the plaintiff. It is obvious from the ruling in *Toups* that the 19th JDC determined the plaintiff should not be unfairly prejudiced by the attack on Dr. Wyatt's credibility.

Dr. David J. Wyatt, is a practicing orthopedist at Orthopaedic Care Center of Baton Rouge, who treated the plaintiff. In the case mentioned above, the primary challenges asserted against Dr. Wyatt had little to do with the treatment he provided; rather, defendant focused on attacking the credibility of Dr. Wyatt as the treating physician. Defendant challenged Dr. Wyatt for not revealing treatment he sought for alcohol and/or drug abuse as it relates to an "investigation" of his license and/or whether he had been in the continuous practice of medicine since 1999. Additionally, defendant challenged Dr. Wyatt for not disclosing the conflict he had with obtaining privileges at Byrd Memorial Hospital.

First, Dr. Wyatt's treatment for alcohol and/or drug abuse is completely irrelevant in Mr. Fabre's case, or in any case in which he is asked or compelled by subpoena to testify as a treating physician. Dr. Wyatt is currently in good standing with the Louisiana State Board of Medical Examiners. No disciplinary action has been taken against Dr. Wyatt according to all public information available from the Louisiana State Board of Medical Examiners, and for application purposes, Dr. Wyatt has no requirement to report that his license has been the subject of investigation or revoked, suspended, probated, restricted, reprimanded, limited, or subjected to any other disciplinary action by any state licensing board or federal authority. As Dr. Wyatt explained in his

-2-

testimony, "I voluntarily went before the board and . . . took a ninety-day leave of absence and went

through rehab.  And I've been back in practice ever since."  (See Exhibit A:  p. 22 of trial transcript

of *Toups, supra.*)  Dr. Wyatt's continued treatment of patients in the State of Louisiana following

his leave of absence is evidence of his good standing with the Louisiana State Board of Medical

Examiners.

Dr. Wyatt has also been forthcoming in his testimony in the present case at bar. During his

September 19, 2012 deposition he testified as follows:

Q .    HAS YOUR LICENSE EVER BEEN SUSPENDED OR REVOKED?

A.    NO, MA'AM.

Q.    YOU HAVE BEEN THE SUBJECT OF AN INVESTIGATION BY THE LOUISIANA MEDICAL BOARD?

(AFTER OBJECTIONS WERE MADE.)

A.    I DON'T KNOW THAT I HAVE EVER BEEN THE SUBJECT OF AN INVESTIGATION. I DID GO THROUGH -- AND I WILL TALK BRIEFLY ABOUT THIS -- WENT THROUGH A DRUG REHAB ABOUT FIVE AND A HALF YEARS AGO.

I WENT THROUGH THE PHYSICIAN'S HEALTH FOUNDATION, WHICH IS AN ORGANIZATION THAT ALLOWS PHYSICIANS TO SEEK HELP FOR THEIR ADDICTIONS. THE ATTORNEYS HAVE ONE JUST LIKE IT.

I WENT THROUGH A SUCCESSFUL 90-DAY PROGRAM. WENT THROUGH A FIVE-YEAR MONITORING SYSTEM THAT I FINISHED WITH FLYING COLORS WITHOUT ANY HICCUPS.

NEVER BEEN SUSPENDED; NEVER BEEN ON PROBATION. AND NEVER, AS FAR AS I KNOW, BEEN THE SUBJECT OF A DISCIPLINARY REVIEW.

YOU KNOW THAT. YOU HAVE CHECKED THE BOARD. YOU KNOW THAT. AND SO, YOU KNOW, IT IS OUT THERE. I UNDERSTAND.[1]

---

[1] See Exhibit B:  Deposition Transcript of Dr. David Wyatt, M.D., September 19, 2012 at pgs. 41-42.

In *Toups,* the defendant challenged Dr. Wyatt for not disclosing the confidential medical treatment he underwent for rehabilitation, and whether this constituted a "lapse in his practice." Dr. Wyatt appropriately and correctly answered the question as phrased, and to argue to the contrary is disingenuous. Dr. Wyatt is a licensed physician whose primary and sole professional career is that of a physician. Dr. Wyatt does not work every day of the week, and surely he takes time off for weekends and vacations. Even with these absences, Dr. Wyatt is still in the continuous practice of medicine. He is not pursuing other careers outside the practice of medicine. The same would be true even if Dr. Wyatt underwent medical treatment for rehabilitation for a knee, back, or neck injury, or for any other matter. Dr. Wyatt is still in the practice of medicine as his professional career choice, and that has never changed.

In *Toups*, as it relates to Dr. Wyatt's time spent in medical treatment for rehabilitation, defendant challenged Dr. Wyatt as follows:

> Q.   LET ME ASK YOU THIS. IN ALL THE DEPOSITIONS THAT YOU HAVE GIVEN NOT ONLY IN THIS CASE, IN ANY CASE, DID YOU EVER REVEAL THIS?
>
> A.   NO.
>
> Q.   IN FACT, YOU'VE LIED MULTIPLE TIMES, HAVE YOU NOT?
>
> A.   DIDN'T WANT TO BRING UP THAT PAST.
>
> Q.   SIR, WHEN YOU'RE UNDER OATH, YOU DON'T SAY WHAT'S CONVENIENT TO YOU AT THE MOMENT. YOU WERE ASKED SPECIFICALLY THESE QUESTIONS AND YOU'VE LIED UNDER OATH. TRUE OR NOT?
>
> A.   TRUE.

(See Exhibit A: p. 25 of trial transcript *Toups, supra.*)

First, it is unclear whether Dr. Wyatt was ever actually asked about time spent in rehabilitation in a prior deposition. Dr. Wyatt's confidential medical treatment does not require voluntary disclosure in this case, or in any case, and any suggestion to the contrary is unwarranted. Additionally, the question asked by defendant about whether Dr. Wyatt "lied under oath" about this matter is vague and compound. It is objectionable in form because it is unclear what question the witness is being asked to answer – was Dr. Wyatt agreeing that "when you're under oath, you don't say what's convenient to you at the moment", or was Dr. Wyatt agreeing that he had been asked these specific questions before. Although Dr. Wyatt's testimony is subject to interpretation, one thing is certain –Dr. Wyatt never denied undergoing the confidential medical treatment he disclosed in response to a specific question posed in this matter. Furthermore, in the present case at bar, Dr. Wyatt was asked about the time he spent in rehabilitation in a deposition in this case in which he answered truthfully. (See pg. 3 *supra*)

Additionally, in *Toups*, Dr. Wyatt was challenged for not disclosing the conflict he had with obtaining privileges at Byrd Memorial Hospital. Dr. Wyatt takes the position, and has always taken the position, that his qualifications have never resulted in a denial of hospital privileges. Dr. Wyatt fully explained at trial as follows:

> Q.    YOU HAVE BEEN DENIED BYRD REGIONAL MEDICAL CENTER. A FULL EVALUATION OF YOU DENIED YOU HOSPITAL PRIVILEGES, TRUE OR NOT?
>
> A.    YES.
>
> Q.    SIR.
>
> A.    BUT IT WAS. . .
>
> Q.    GO AHEAD.

A.     FIRST OF ALL, THE - - THE PRACTICE I JOINED WAS BUILDING THEIR OWN HOSPITAL AND IT WAS PURELY A - - WHAT DO YOU CALL IT?  WE – WE WERE- - EXCUSE ME.  WE WERE GOING TO FILE A LAWSUIT AGAINST THEM BECAUSE I WAS ALREADY PRACTICING MEDICINE AT ONE OF THEIR OTHER HOSPITALS BUT IT WAS DUE TO FINANCIAL DIFFERENCE.  IT WAS NOT DUE TO ANY MEDICAL QUALIFICATIONS.  AND THE ENTIRE THING WAS DROPPED.

Q.     YOU WERE DENIED HOSPITAL PRIVILEGES AT BYRD REGIONAL MEDICAL CENTER IN A FORMAL EVALUATION.  YES OR NO?

A.     YES.

Q.     DENIED.

A.     NOT BECAUSE OF MEDICAL INCOMPETENCY OR ANY OTHER ISSUE, PURELY FROM A FINANCIAL STANDPOINT.

     (See Exhibit A:  p. 23 of *Toups* trial transcript.)

As it relates to the qualifications of a physician, the fact that a physician has a business conflict with a hospital is irrelevant.

     In the case at bar, Mr. Fabre asserts that any questions concerning the above issues are irrelevant and highly prejudicial.[2]  Mr. Fabre respectfully moves for an order preventing the defendants from discussing any of these irrelevant issues with Dr. Wyatt in front of the jury.

     The defendants contend in their Opposition to Dr. David Wyatt's Motion to Quash and/or Protective Order that they are entitled to information concerning Dr. Wyatt's alleged prior professional misconduct (specifically, defendants argue that Dr. Wyatt was purportedly dishonest about alleged prior substance abuse during testimony in the previously discussed state court case)[3]

---

[2] Code of Evid. 607D(2).

[3] To further clarify the *Toups* case, first, it should be noted that Judge Hernandez did not make any mention of that issue in his written reasons for judgment and obviously accepted Dr. Wyatt's testimony as to the plaintiffs condition and treatment (which was the actual material issue in the case, rather than Dr. Wyatt's alleged prior

is in order to attack his credibility as a witness. Dr. Wyatt is licensed in the State of Louisiana and in good standing with the Louisiana State Board of Medical Examiners. No disciplinary action has been taken against Dr. Wyatt according to all public information available from the Louisiana State Board of Medical Examiners, and for application purposes. Dr. Wyatt has no requirement to report that his license has been the subject of investigation or revoked, suspended, probated, restricted, reprimanded, limited, or subjected to any other disciplinary action by any state licensing board or federal authority. Defendants cannot offer any evidence to establish to the contrary. Any information regarding professional misconduct will not change these facts.

Further, it has been held, by a court within this federal circuit, that a treating physician's credentialing files and/or disciplinary history are wholly irrelevant and not discoverable, based upon the physician's privacy rights and a state's public policy against disclosure of same if the case is not a medical malpractice case against that physician. *See, Southard v. United Regional Health Care System, Inc.,* 245 F.RD. 257, 261-262 (ND. Tex. 2007) (holding that both the treating physician's own privacy rights and the State of Texas' strong public policy "against the willy nilly disclosure of physicians' creditialing files" prevented the disclosure of the treating ER

---

substance abuse, which was irrelevant), as being credible since he awarded damages for the plaintiffs pain and suffering (and related medical treatment) in that case. Moreover, Judge Hernandez clearly did not believe that the subject of Dr. Wyatt's alleged past substance abuse and any alleged dishonesty concerning that subject was relevant and admissible in a subsequent personal injury case, *Patin v. Progressive Security Ins. Co. et al.,* No. 581,666, Div. 27 (19th JDC, Parish of East Baton Rouge, State of Louisiana), as he granted a motion in limine, precluding the defendants from making any reference or offering any evidence in that regard at a jury trial. See, Motion in Limine filed in the Patin case and Minute Entry) granting that Motion in Limine, attached hereto, in globo, as Exhibit "C." A close review of the arguments raised in that Moion in Limine also reveals that the assertion of defendants herein that Dr. Wyatt was "dishonest" about past substance abuse and his medical treatment therefor is not accurate. Finally, it should be noted that the defendants in the Patin suit filed a writ application relative to Judge Hernandez's ruling granting the motion in limine in Patin, and such writ application was denied on June 4, 1012 by the Louisiana First Circuit Court of Appeals. See, Certificate of Mailing and Writ Denial dated June 4, 2012, attached, in globo, as Exhibit "D."

physician's qualifications and/or disciplinary history on the basis that it was wholly irrelevant to the non-medical malpractice case, especially where there was no reference in the credentialing files/disciplinary history of the particular case at issue).

The present suit is a personal injury case, not a medical malpractice case against Dr. Wyatt and it is a case in which Dr. Wyatt will be testifying only as a treating physician about his personal observations, treatment, and recommendations for the plaintiff. Thus, Dr. Wyatt's alleged prior professional misconduct is completely irrelevant to this case, particularly since the defendants have not produced competent evidence or argument that any conduct in Dr. Wyatt's disciplinary history is related to the incident at issue in this case. Furthermore. production of the requested information is barred by both Dr. Wyatt's privacy rights and Louisiana's strong public policy, like that of Texas, in favor of maintaining the confidentiality of credentialing and peer review committee records manifested in La. R.S. 13:3715.3.

La. R.S. 13:3715.3 provides that all records, notes, data, studies. analysis, exhibits, and proceedings of any hospital committee, the peer review committee of any medical organization, any healthcare licensure agency of the Louisiana Department of Health and Hospitals, or healthcare provider as defined in R.S. 40:1299.4I(A), including but not limited to the credentials committee, the medical staff executive committee, the risk management committee. or the quality assurance committee. among various other named committees, "shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff privileges of

a physician" and other named healthcare providers, the records forming the basis of any decision adverse to the physician or other healthcare provider may be obtained by the healthcare provider only. *See,* La. R.S. 13:3715.3. By implication from the holding in *Mayerhafer v. Roland, 625 So.2d 286 (La. App. 4 Cir. 1993)*, the confidentiality protections of La. R.S. 13:3715.3 would apply to and prohibit discovery of records and proceedings of the licensing board for physicians in Louisiana, *i.e.,* the Louisiana State Board of Medical Examiners. Accordingly, the requested information regarding any past professional misconduct on the part of Dr. Wyatt is not discoverable in this proceeding and should be excluded in its entirety.

Furthermore, Plaintiff also takes the same position that Dr. Wyatt took in his Motion to Quash in that the defendants' public filing of any confidential communication between him and the Louisiana State Board of Medical Examiners in this matter is inappropriate, and in violation of the confidentiality protections of La. R.S. 13:3715.3. The particular communication at issue, marked by defendants as Exhibit 16 of their opposition to Dr. Wyatt's Motion to Quash/Protective Order, is clearly identified as "CONFIDENTIAL," and should be treated as such.

In the case at bar, Mr. Fabre asserts that any questions concerning the above issues are irrelevant and highly prejudicial. Code of Evid. 607D(2). Mr. Fabre respectfully moves for an order preventing the defendants from discussing any of these irrelevant issues with Dr. Wyatt in front of the jury.

Respectfully submitted:
Michael Hingle & Associates, LLC

/s/Michael Hingle

-9-

Michael Hingle, #6943
Bryan A. Pfleeger, #23896
220 Gause Boulevard
Slidell, Louisiana  70458
Telephone:  (985) 641-6800
Fax:  (985) 646-1471

### C E R T I F I C A T E   O F   S E R V I C E

I do hereby certify that I have on this 21st day of January, 2014 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM /ECF participant as may be appropriate.

/s/Michael Hingle

-10-