UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY FABRE**<br>     **PLAINTIFF** | **CIVIL ACTION** |
| | **NO: 3:11 CV 00800-JJB-DLD** |
| **VERSUS** | |
| | **JUDGE: JAMES J. BRADY** |
| **ROYAL FREIGHT, LP, ET AL**<br>     **DEFENDANT** | **MAG: R. BOURGEOIS** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF DR. DAVID WYATT'S PAST TRIAL TESTIMONY**

**MAY IT PLEASE THE COURT:**

According to the Federal Rules of Evidence, any party may attack the credibility of a witness. It is well-settled that questions concerning the weight and credibility of expert testimony are left to the trier of fact.[1] Dr. David Wyatt ("Dr. Wyatt") is a key medical expert for plaintiff, Bobby Fabre. Dr. Wyatt is a self-admitted perjurer. Fabre seeks to preclude the jury from hearing this impeachment evidence. But the jury is entitled to perform its role in evaluating all of the evidence to determine the weight of witness testimony. Here, defense medical experts question not only Fabre's motives for his continued treatment but also question the necessity of surgery recommended and performed by Dr. Wyatt. Defendants request this Court allow the jury to perform its function and deny Fabre's request to exclude this credibility evidence.

In a recent Louisiana state court trial, *Toups v. Hill and State Farm Automobile Ins. Co.,* and while under cross-examination, Dr. Wyatt admitted to lying in numerous past depositions. Defendants do *not* seek to introduce evidence of what Dr. Wyatt was

---

[1] *Mistich v. Volkswagen of Germany, Inc.*, 666 So. 2d 1073, 1079 (La. 1996).

1

hiding in those past proceedings, i.e. his history of substance abuse, leave from medical practice due to rehabilitation, and investigation for disciplinary action from the Louisiana State Board of Medical Examiners. However, Dr. Wyatt violated his oath to tell the truth while sitting in a court of law, and as a consequence of his perjury, Dr. Wyatt's credibility is subject to attack under Federal law.

Pursuant to Federal Rules of Evidence 608(b), a court can allow, on cross-examination, evidence of specific instances of a witness's misconduct to attack his character for *truthfulness*.[2] Effective cross-examination demands that some allowance be made for addressing a witness's veracity, and "safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time." After weighing and evaluating all of the evidence, the fact finder is free to accept or reject the opinions expressed by experts.[3]

Defendants face an uphill battle when it comes to challenging Fabre's medical expert testimony. In Louisiana, the diagnoses and opinions of a treating physician are entitled to more weight than those opinions of doctors who examined the plaintiff for only litigation purposes.[4] But according to the U.S. Fifth Circuit, this "presumption does not give a treating physician unlimited credibility."[5] Courts traditionally afford attorneys greater freedom in the cross-examination of experts, including inquiry into the expert's qualifications, financial interest, bias, felony convictions, and inconsistent statements.[6]

---

[2] See *United States v. Harris*, CRIM.A. 10-285, 2011 WL 6130747 (E.D. La. Dec. 8, 2011)
[3] *Hoyt v. State Farm Mut. Auto. Ins. Co.*, 623 So.2d 651, 659 (La.App. 1st Cir.), *writ denied,* 629 So.2d 1179 (La.1993); *Armstrong v. Fireman's Fund Ins. Co.*, 558 So.2d 646, 650 (La.App. 1st Cir.), *writ denied,* 560 So.2d 30 (La.1990).
[4] *Schouest v. J. Ray McDermott & Co.*, 411 So.2d 1042, 1044 (La.1982).
[5] *Fair v. Allen*, 669 F.3d 601, 606 (5th Cir. 2012).
[6] See also *Smith v. Scott*, 577 So. 2d 809, 811 (La. App. 2d Cir. 1991) ("The cross-examination of a witness at a civil trial is an essential part of our adversarial system of justice. . . . Defendant cannot be expected to pay for his right to cross-examine this [expert] witness.").

Fabre argues that Dr. Wyatt is under "no requirement to report that his license has been the subject of investigation…"[7] However, we all know that "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully."[8] Thus, if Dr. Wyatt was asked under oath whether his medical license was the subject of investigation, then he was *required* to disclose that history, because he swore to tell the truth.

Dr. Wyatt is the primary treating physician in this case, and the jury deserves to know that as a medical expert in other cases, Dr. Wyatt's violated his oath to testify truthfully. Fabre argues that even if the evidence is admissible, the probative value is outweighed by unfair prejudice. If the tables were turned and Fabre discovered that a defense expert was an admitted perjurer, he would certainly seek to interrogate the witness on that issue.

Moreover, Fabre contends that Dr. Wyatt was confused by the line of questioning in the prior state trial where he admitted to his lies – a fictitious argument. In reality, Dr. Wyatt has vast experience being deposed and responding to vigorous cross-examination. In this case, Dr. Wyatt testified that close to *90%* of his practice involves personal injury patients.[9] In the *Toups* case, the question posed to Dr. Wyatt was clear: "You were asked specifically these questions and you've lied under oath. True or Not?" Dr. Wyatt answered: "True." Dr. Wyatt was faced with facts he could no longer deny, and was finally forced to admit the truth. He now seeks to testify in a court of law, and justice requires that he answer for his prior dishonesty. Fabre would have a fair opportunity to address Dr. Wyatt's truthfulness on re-direct.

---

[7] See Page 7 of Fabre's Memorandum in Support (Doc. 114).
[8] Federal Rules of Evidence Article 603.
[9] See deposition excerpt of Dr. David Wyatt, dated September 19, 2012, p. 11 lines 1-19; attached hereto as **Exhibit 1**.

Finally, the probative value of Dr Wyatt's perjury is not substantially outweighed by the risk of unfair prejudice. Although it may be harmful for a treating physician's credibility to be called into question, it would *not* be unfairly prejudicial for the jury to be apprised of this expert's lack of truthfulness. To the contrary, it would be unfair if the jury is prevented from knowing that Dr. Wyatt has a history of picking and choosing what exactly he is "required" to disclose under oath. Accordingly, defendants respectfully request that this Court limit its ruling on this Motion in Limine, to exclude evidence of Dr. Wyatt's history of substance abuse, rehabilitation, and disciplinary investigation – while allowing defendants the right to interrogate Dr. Wyatt on his perjury.

Respectfully submitted:

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

_____/s Marvin H. Olinde_____
Charles J. Duhe, Jr. (Bar Roll No. 20170)
Marvin H. Olinde (Bar Roll No. 07042)
D. Scott Rainwater (Bar Roll No. 30683)
7924 Wrenwood Boulevard, Suite C
Baton Rouge, LA  70809
Telephone:  (225) 387-9888
Fax:  (225) 387-9886

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

|  |  |  |  |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| (x) | E-file | ( ) | Federal Express |
| ( ) | Facsimile | | |

Baton Rouge, Louisiana, this 10th day of February, 2014.

_____/s Marvin H. Olinde_____
Marvin H. Olinde

4