**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BOBBY FABRE** | **CIVIL ACTION** |
| **VS.** | **3:11 CV 00800 JJB DLD** |
| **ROYAL FREIGHT, LP AND MEGA TRANSPORTATION SERVICES, LLC** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY**

**MAY IT PLEASE THE COURT:**

**I.**

**FACTUAL BACKGROUND**

This is the second time Plaintiff Bobby Fabre has filed a Motion in Limine to exclude testimony of Dr. Meredith Warner, an orthopedist retained by defendants. As set forth in Plaintiff's Memorandum in Support of the previously filed Motion in Limine (Doc. 70-1) counsel for Defendants had agreed that the medical examination of Bobby Fabre by Dr. Warner would be limited to evaluating whether he had a double crush syndrome and/or carpal tunnel syndrome. Counsel for defendants accepted and agreed, and Bobby Fabre went to Dr. Warner.

Following the medical examination, counsel for Plaintiff received a 21 page report issued by Dr. Warner (Exhibit "A") that contained opinions by Dr.Warner far beyond the limited medical issue agreed to by defense counsel. Included in the report were 11

1

pages of summaries of the extensive medical records of physicians who treated Bobby Fabre which highlighted portions of the medical records that might be favorable to the Defendant and did not include portions of the medicals that might be favorable to plaintiff. What followed next was a summary of Bobby Fabre's social history, and then Dr. Warner's physical examination conclusions pertaining to his lumbar spine and cervical spine, none of which was relevant to the issue of whether he had carpal tunnel or double crush syndromes. After that the extensive report contained an assessment and opinion that focused on alleged psychological factors relating to his claim, criticism of diagnostic tests included spine MRIs, and an allegation that individuals with chronic pain complaints complained worse when "in a compensation/litigation environment." The report concluded with Dr. Warner's statement that since he has not improved regarding his disabling pain that has resulted from his injuries in a very significant motor vehicle accident, future treatment should be involved in "putting Mr. Fabre back to work" because "Unemployed individuals have a greater chance of spousal or child abuse."

The prior Motion in Limine, document 70, asked for a Court order limiting Dr. Warner's testimony to whether Bobby Fabre had evidence of carpal tunnel/double crush syndromes. Following the hearing and oral argument, the Court issued the following Ruling on Plaintiff's Motion to Exclude Expert Testimony on July 23, 2013 (Doc. 105) (Exhibit "B"):

> "The Court finds that Dr. Warner's report and testimony is permissible only to the extent that she testifies specifically about the matters for which she was retained to exam-the double crush syndrome and carpal tunnel. With respect to her opinions about the bio social factors, the Court finds that

> this is unduly prejudicial and not relevant. Thus, the parties
> are precluded from introducing her opinions as to anything
> that is not related to double crush syndrome and carpal tunnel
> and the parties will be required to produce a redacted report."

Despite the Court's specific order limiting the testimony of Dr. Warner and requiring a redacted report, counsel for Defendants subsequently sent to plaintiff's counsel virtually the same report by Dr. Warner which is 24 pages in length, even longer than her previous report, which is attached as Exhibit "C" and which contained virtually all of her previous report materials which the Court held were excluded. Because the new report violated the Court's ruling, this second Motion in Limine has been filed.

## II.

## DR. WARNER "REDACTED" REPORT

The redacted report of Dr. Warner is, with very few minor changes and additions, word for word the same report that she issued which caused Plaintiff to file the previous Motion in Limine and which resulted in the Court's ruling in Plaintiff's favor. One of the complaints provided to the Court in that Motion in Limine was that Dr. Warner in 11 pages of her report summarized the medical records relating to Bobby Fabre's extensive medical treatment focusing on portions of the records that might be helpful to the defendants and not those records helpful to plaintiff. Included in the records were those of neuropsychiatrist Dr. Angela Traylor that related to what the Court called in its ruling "biopsychosocial factors" in which the Court found to be "unduly prejudicial and not relevant." In addition to the prohibited summary of the medical records of all of the treating and examining physicians, Dr. Warner put in her amended report virtually the

3

same History of Present Illness found on pages 13-16. In her report she includes, for example, information that Bobby Fabre has a child with attention deficit disorder, he watches TV and sits a lot because of his chronic significant pain, he is taking prescription drugs including Lortabs, a Class II narcotic, his family history includes a brother who committed suicide, he has significant complaints of musculoskeletal pain, and he has poor dentition, Dr. Warner also included her previous summary of her examinations of Bobby Fabre's lumbar spine and cervical spine. None of these evaluations have anything to do with a medical diagnosis of carpal tunnel syndrome or double crush syndrome.

Further, on page 19, Dr. Warner focused on "behavioral signs" and wrote that "these often indicate an awareness of an individual to his audience the potential effect of these behaviors."

On page 20, she wrote that Bobby Fabre complained of "itching all over his body and pain in both upper extremities and lower extremities as well as his neck and back. It is difficult to imagine a solely physical pathology that could produce all of these syndromes." She followed this with the statement that, he has had "continual use of narcotics since his first visit with a doctor * * *. * * * in fact, per his own report, his condition has worsened considerably despite or because of the use of narcotics, muscle relaxers, injections, discectomies and therapy. Narcotics reliably increase sensitivity to pain over time."

Next she wrote that "Mr. Fabre's imaging has demonstrated disc 'bulging' in the cervical and lumbar spines * * * and in any given asymptomatic individual, there is a very

4

strong chance that an MRI would demonstrate disc bulging or herniation * * *. Therefore, it is extremely incumbent to fully investigate the symptoms, history and physical exam findings in a given individual even if they have a finding on MRI prior to treatment. Otherwise, there is a risk of over treatment * * *."

On page 21 she wrote that:

> "Based on my evaluation of Mr. Fabre and review of available records, there has been no valid attempt to return him to work after his accident despite the fact that this would be therapeutic for him * * *. Multiple medical societies and associations have position statements about the therapeutic effect of a return to work. Inactivity and activity avoidance is a mal-adaptive coping mechanism with regard to pain. Also, unemployed individuals have a greater chance of spousal or child abuse, heart disease, stroke and even death. Putting Mr. Fabre back to work in some capacity is not only safe for him; it is safer for him then staying unemployed. * * * For Mr. Fabre, risky surgical and interventional procedures have been utilized in an attempt to 'cure' his pain, but yet he remains in near total body pain and can do nothing but sit on his couch, and watch television all day. Mr. Fabre, as a laborer in this State and a participant in the medical system, deserves more."

In conclusion, in this situation the Court issued a previous ruling requiring a redacted report and excluding everything in Dr. Warner's report other than that related to the issues of carpal tunnel/double crush syndromes. What counsel for plaintiff received from counsel for defendants was a redacted report that was virtually the same as the previous report, contained all of the previous opinions excluded by the Court and what turned out to be even longer than the previous report.

For these reasons, Plaintiff Bobby Fabre prays that this Second Motion in Limine be granted, that Dr. Warner be excluded as a witness, and that defendants and counsel

5

for defendants be ordered to pay all reasonable expenses including attorney's fees.

Respectfully submitted,

**MICHAEL HINGLE & ASSOCIATES, LLC**

___*/S/ MICHAEL HINGLE*___
**MICHAEL HINGLE, #6943**
220 Gause Boulevard
Slidell, Louisiana 70458
Telephone: (985) 641-6800
Fax: (985) 646-1471

and

___*/S/ ROBERT M. JOHNSTON*___
**ROBERT M. JOHNSTON, #7339**
**LAW OFFICES OF**
**ROBERT M. JOHNSTON, LLC**
400 Poydras Street, Suite 2450
New Orleans, LA 70130
Telephone: (504) 561-7799
Fax: (504) 587-3794

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this __12th__ day of February, 2014, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM/ECF participant as may be appropriate.

___*/s/ ROBERT M. JOHNSTON*___