UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE                                          CIVIL ACTION:  3:11 cv00800 JJB RLB

VS.

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

FILED: _____          _____
                                                                   DEPUTY CLERK

**PLAINTIFF'S REPLY MEMORANDUM REGARDING OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OR DR. DAVID WYATT'S PAST TRIAL TESTIMONY**

The trucking company, Royal Freight, makes the statement in their Memorandum in Opposition, "Dr. David Wyatt ("Dr. Wyatt") is a self-admitted perjurer".

Defense counsel improperly stretches this perjury argument until it pops. Defendant attaches the trial transcript from Louisiana State Court, 19th Judicial District Court for the Parish of East Baton Rouge, of *Robert B. Toups and Lena Toups v. Limberly Hill and State Farm Automobile Ins. Co.,* No. 583,466, Bench Trial 2011, (Exhibit A) Page 25 includes the line of questioning that was grossly stretched and misstated by defense counsel in her opposition memo. By the below-stated line of questioning, it is respectfully submitted  defense counsel went very, very far beyond any evidence, foundation or existing testimony to say "Dr. Wyatt is a self-admitted perjurer".

-1-

Page 25 (Exhibit A) of the trial transcript *Toups*, *supra*:

Q. LET ME ASK YOU THIS. IN ALL THE DEPOSITIONS THAT YOU HAVE GIVEN NOT ONLY IN THIS CASE, IN ANY CASE, DID YOU EVER REVEAL THIS?

A. NO.

Q. IN FACT, YOU'VE LIED MULTIPLE TIMES, HAVE YOU NOT?

A. DIDN'T WANT TO BRING UP THAT PAST.

Q. **SIR, WHEN YOU'RE UNDER OATH, YOU DON'T SAY WHAT'S CONVENIENT TO YOU AT THE MOMENT.** *YOU WERE ASKED SPECIFICALLY THESE QUESTIONS AND YOU'VE LIED UNDER OATH. TRUE OR NOT?*

A. TRUE.

First, it is unclear whether Dr. Wyatt was ever actually asked about time spent in rehabilitation in **prior** depositions. He did disclose rehabilitation in Toups (Page 22). Dr. Wyatt disclosed rehabilitation in a deposition in this Fabre case. (Page 42, line 6-23). (Exhibit B)

Additionally, the question asked by defendant in Toups about whether Dr. Wyatt "lied under oath" is vague and compound.

It is objectionable in form because it is unclear what questions the witness is being asked to answer-was Dr. Wyatt agreeing that "when you're under oath, you don't say what's convenient

to you at the moment", or was Dr. Wyatt agreeing that he had been asked "specifically these questions before". There is no perjury in Toups. No direct question was asked of Dr. Wyatt.

One thing is certain - in Fabre Dr. Wyatt never denied undergoing the confidential medical treatment he disclosed in response to a specific question posed by defense attorney Olinde in Wyatt's deposition in Fabre, page 42 Line 5-20 (Exhibit B). Also see Dr. Wyatt's deposition pages 41 line 21 to page 46 line 25. In this questioning by defense in Fabre, there was no showing of any of Dr. Wyatt's prior testimony or deposition in Toups or Fabre. There was no showing of any contradicting testimony whether in court or deposition. There was no proper foundation or unambiguous question or a <u>direct</u> question, where witness Dr. Wyatt was shown contradicting testimony in Toups or Fabre. In Fabre, there are only lines after lines of questions with objections, but there are no answers.

This alleged perjury is not even in the Fabre case. The alleged perjurous questions in Toups, Page 25, do not appear in Fabre.

Additionally, the underlying testimony/information at issue in the Toup's matter is inadmissible for the following reasons:

The present suit is a personal injury case, not a medical malpractice case against Dr. Wyatt, and it is a case in which Dr. Wyatt will be testifying only as a treating physician about his personal observations, treatment, and recommendations for the plaintiff. Thus, Dr. Wyatt's alleged prior professional misconduct is completely irrelevant in this case, particularly since the

defendants have not produced any competent evidence or argument that any conduct in Dr. Wyatt's disciplinary history is related to the incident at issue in this case.  Furthermore, production of the requested information is barred by both Dr. Wyatt's privacy rights and Louisiana's strong public policy, like that of Texas, in favor of maintaining the confidentiality of credentialing and peer review committee records manifested in La. R.S. 13:3715.3.

      The Judge in the *Toups* case heard questioning and testimony from Dr. Wyatt regarding th alleged perjury.  Despite the <u>alleged</u> perjurous testimony of Dr. Wyatt in response to the defendant's questions, that court nevertheless entered a ruling in favor of the plaintiff.  It is obvious from the ruling in *Toups* that the 19th Judicial District Court determined the plaintiff should not be unfairly prejudiced by the attack on Dr. Wyatt's credibility.

      Please see plaintiff's memorandum for plaintiff's grounds for holding this <u>alleged</u> testimony of Dr. Wyatt is inadmissible. Prohibitive value is outweighed by unfair prejudice. Also, there is no actual perjury shown.

      WHEREFORE, Mr. Fabre respectfully moves for an order preventing the defendants from discussing any of these irrelevant issues regarding alleged perjury with Dr. Wyatt in front of the jury.

Respectfully submitted:
Michael Hingle & Associates, LLC

/s/Michael Hingle
Michael Hingle, #6943
220 Gause Boulevard
Slidell, Louisiana  70458
Telephone:  (985) 641-6800
Fax:  (985) 646-1471

C E R T I F I C A T E   O F   S E R V I C E

I do hereby certify that I have on this 12th day of February, 2014, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid.


  /s/ MICHAEL HINGLE

G:\Files\Fabre, Bobby\Plaintiff Pleadings\pld P Reply Memo re Opp to P's Mtn Exclude Evid re Wyatt 2.11.14 WMH alm.wpd