UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

CIVIL ACTION

VERSUS

NO. 11-800-JJB-RLB

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

### RULING ON MOTION IN LIMINE

This matter is before the Court on the Plaintiff Bobby Fabre's Motion (doc. 114) in Limine. The plaintiff seeks to "exclude documentary evidence and testimony regarding asking Mr. Fabre's treating physician, Dr. David Wyatt, . . . questions concerning his history of substance abuse, a three month period of time he attended rehabilitation for alcohol abuse and any and all past issues with alleged perjury." (Doc. 114, p. 1). The defendants oppose the motion. (Doc. 116).

> Rule 608(b) of the Federal Rules of Evidence provides that:
>
> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>   (1) the witness; or
>   (2) another witness whose character the witness being cross-examined has testified about.

Fed. Rule Evid. 608(b). After review, the Court refuses to allow cross-examination questioning concerning Dr. Wyatt allegedly perjuring himself in *Robert Toups v. Kimberly Hill, et al.* Through reviewing the relevant exchange, it is not clear to this Court that Dr. Wyatt admitted to perjuring himself, contrary to the assertions of the defendants. Accordingly, the Court will not allow cross-examination questioning of Dr. Wyatt concerning any alleged prior instances of perjury in the *Toups* matter.

1

Furthermore, as it appears irrelevant to the matter at hand, the Court will prohibit cross-examination as to Dr. Wyatt's prior treatment for alcohol and drug abuse. For the same reason, the Court will prohibit questioning regarding his leave from medical practice due to rehabilitation and any investigations for disciplinary action. As for any other cross-examination questions, the Court will rule on their admissibility as they arise at trial.

Therefore, the Court **GRANTS** the Plaintiff Bobby Fabre's Motion (doc. 114) in Limine.

Signed in Baton Rouge, Louisiana, on February 13, 2014.

  _____
  **JUDGE JAMES J. BRADY**
  **UNITED STATES DISTRICT COURT**
  **MIDDLE DISTRICT OF LOUISIANA**

2