UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE                                   CIVIL ACTION:  3:11 cv00800 JJB RLB
VS.

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

**MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATIVE
TO PLAINTIFF'S APPLICATION FOR SOCIAL SECURITY DISABILITY**

**NOT INTO COURT,** through undersigned counsel comes, plaintiff, Bobby Fabre, who files this Memorandum in Support to his instant Motion as follows:

**I. Factual Background**

On August 7, 2011, Bobby Fabre was operating a company vehicle that was stopped in the outside westbound travel lane of Interstate 10 with a flashing arrow sign on the vehicle's rear to divert westbound traffic into the inside travel lane due to road construction ahead, when Bennie Wilder (employee of Royal Freight, LP) failed to yield in time and/or move into the inner lane resulting in Mr. Wilder's vehicle rear-ending Mr. Fabre's vehicle.  Plaintiff filed suit against the defendants, Royal Freight, LP and Mega Transportation Services, LLC, on November 23, 2011.

On April 25, 2013, the defendants took the deposition of Bobby Fabre.  Mr. Fabre was asked whether he had applied for social security disability benefits after the subject accident, and Mr. Fabre answered affirmatively.  (See the deposition transcript of Bobby Fabre at pgs. 43-48, attached as Exhibit A).

**II. Law and Argument**

Regardless of whether Mr. Fabre applied for, was denied or receives social security disability benefits, such testimony and questioning is inadmissible under the collateral source rule because it relates to a <u>collateral source of income</u> received or applied for by plaintiff.

In *Nowlin v. Miller Electric Mfg., Co.,* Sect. 02-993 L(3) (La. E.D. 07/11/03) 2003 U.S. LEXIS 12407, plaintiffs sought to exclude any reference in the presence of the jury of the fact that the plaintiff received any workers' compensation benefits, social security benefits, or long-term disability benefits because such matters were inadmissible under the collateral source rule.

In holding that evidence such benefits was inadmissible, the *Nowlin* court stated:

> The collateral source rules prohibits any evidence being presented to the jury indicating that a personal injury plaintiff is receiving collateral benefits, such as workers' compensation, **social security, or disability benefits**. *See Simmons v. Hoegh Lines,* 784 F.2d 1234, 1237 (5th Cir. 1986). The purpose of the rule is to prevent the jury from being improperly influenced or distracted in its determination of liability or damages by evidence that the plaintiff was receiving some form of compensation. *Id.*

*Id* at p. 4 (emphasis added).

In addition to the collateral source rule, there is simply too much danger of prejudicial effect on the jury from hearing that plaintiff, at any point, received or applied for social security disability benefits. The jury may believe that Mr. Fabre should not recover from the defendants in his tort suit because he has the option to receive benefits from another source–i.e., Social Security. Such potential influence creates an overwhelming risk of unfair prejudice, and, therefore, makes exclusion merited. See Federal Rule of Evidence 403.

WHEREFORE, considering the foregoing, plaintiff, Bobby Fabre, respectfully requests that this Honorable Court GRANT the instant Motion.

>Respectfully submitted,
>Michael Hingle and Associates, LLC
>
>/s/ Michael Hingle
>Michael Hingle, T.A. #6943
>Donald G. D'Aunoy Jr. #31123
>220 Gause Boulevard
>Slidell, Louisiana  70458
>Telephone:  985-641-6800

### C E R T I F I C A T E   O F   S E R V I C E

I do hereby certify that I have on this 13th day of February, 2014, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid, or by electronic means if said attorney is a CM /ECF participant as may be appropriate.

>/s/ Michael Hingle
>220 Gause Blvd., Slidell, LA 70458