UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BOBBY FABRE

VERSUS

ROYAL FREIGHT, LP AND MEGA
TRANSPORTATION SERVICES, LLC

CIVIL ACTION

NO. 11-800-JJB-RLB

**RULING**

This matter is before the Court on the Plaintiff Bobby Fabre's Motion (doc. 137) to Take Judicial Notice of Plaintiff's Average Life Expectancy. The defendants oppose the motion. (Doc. 151).

In his motion, the plaintiff asks this Court to take judicial notice of his average life expectancy based on the United States Life Tables of the National Vital Statistics Reports dated January 6, 2014. (Doc. 137-2). As the plaintiff is currently 31 years old, these life tables show that he has an average life expectancy of 46.6 years. It appears the plaintiff will attempt to make a "unit of time" argument at the trial on the merits, based primarily on this average life expectancy. The defendant first objects to the plaintiff's use of a "unit of time" argument, as they contend it would be "overly prejudicial, entirely speculative, and confusing to the jury." (Doc. 151, p. 1). However, if the Court finds such an argument is permissible, the defendants request that this Court take the appropriate safeguards, such as making a specific charge to the jury both before and after the argument.

Rule 201 of the Federal Rules of Evidence provide that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, "[t]he

1

court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Based on their opposition, the defendants are not objecting to the introduction of the life tables; rather, they are objecting to the introduction of the tables in order for the plaintiff to make a "unit of time" argument. The Fifth Circuit consistently allows parties to make "unit of time" arguments. *See, e.g., Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 979 (5th Cir. 1999). Furthermore, in 2007, Judge Barbier granted a similar motion to take judicial notice so that the plaintiff could make a "unit of time" argument. (Doc. 137-3). Accordingly, this Court will take judicial notice of the plaintiff's average life expectancy based on the government-issued life tables and allow the plaintiff to make a "unit of time" argument, if he so chooses.

Nevertheless, the Fifth Circuit requires the district courts to implement necessary safeguards if a party makes a "unit of time" argument. Specifically, in *Baron Tube Co. v. Transport Ins. Co.*, the Fifth Circuit provided the following:

> The safeguards which may be utilized may take the form of requiring that counsel notify the court and opposing counsel in advance of argument that the unit of time argument will be made. Since charts are generally used, they should be carefully scrutinized to eliminate any false factual impressions. Also, the court should, as was done in the instant case, make it clear to the jury that the unit of time argument is merely a method of presenting contentions, and is not to be considered as evidence. This may be done at the time the argument is made, or in charge to the jury, or on both occasions.

365 F.2d 858, 865 (5th Cir. 1966). Specifically looking at the proper cautionary instruction, the Fifth Circuit has previously said that "[t]he blanket cautionary instruction given . . . that 'any statements, objections, or arguments made by lawyers are not evidence in this case,' and '[w]hat the lawyers say is not binding upon [the jury]' inadequately addresses [the court's] concerns with the use of the unit of time' argument." *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 377 (5th Cir. 1989).

Accordingly, the Court will require the plaintiff to provide—prior to closing arguments—that he will make a "unit of time" argument and whether he will be using any graphs or charts to aid in that presentation. At that time, the Court will determine the appropriate safeguards, including the proper jury instruction and the time for providing that instruction.

Therefore, the Court **GRANTS** the plaintiff's Motion (doc. 137) to Take Judicial Notice of Plaintiff's Average Life Expectancy. Furthermore, the Clerk of Court's officer shall **TERMINATE** Document 138, as it is now moot.

Signed in Baton Rouge, Louisiana, on April 14, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**